IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

            Plaintiff,

  vs.                                **Case No. 11-40084-01-RDR**

ALFREDO SALAZAR,

            Defendant.

### **O R D E R**

This case is before the court upon defendant's unopposed motion to continue the trial in this matter currently set for March 27, 2012. Defendant is detained pending trial on a charge of possession with intent to distribute cocaine. The motion states that defendant has consented to waive his right to a speedy trial.

Defendant asks for a continuance on the grounds that his counsel is the lead attorney in a complex civil action which is five years old and set for hearing on March 29, 2012 following remand by the Kansas Supreme Court.

Upon review, the court shall grant defendant's motion to continue the trial. Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court

must consider the following factors "among others:" 1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The indictment in this case contains a single drug charge. This does not appear to be a complex case. However, given the schedule of defense counsel it appears that additional time should be granted so that counsel can effectively represent his client, taking into account the exercise of due diligence. The court believes that the requested continuance is in the interests of the public and the parties because it will permit defendant to obtain consistent, competent and effective representation. Defendant is detained pending trial and will not be a threat to the public pending the resolution of this case.

In sum, the court finds that the continuance requested is in the interests of justice which outweigh the interests of the public and the defendant in a speedy trial. Therefore, the continuance

requested constitutes excludable time under 18 U.S.C. § 3161(h)(7).

Defendant's motion shall be granted and the trial of this case shall be continued to May 29, 2012 at 9:30 a.m.

**IT IS SO ORDERED.**

Dated this 23rd day of February, 2012 at Topeka, Kansas.

                                      s/Richard D. Rogers
                                      United States District Judge